**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2235-18T1

T-MOBILE NORTHEAST
LLC, f/k/a OMNIPOINT
COMMUNICATIONS, INC.,
a wholly owned subsidiary of
T-MOBILE USA, INC.,

      Plaintiff-Respondent,

v.

TOWNSHIP OF FREEHOLD
ZONING BOARD OF
ADJUSTMENT,

      Defendant-Appellant.

_____

> Argued October 3, 2019 – Decided October 15, 2019
>
> Before Judges Fuentes, Mayer and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1199-10.
>
> Francis C. Accisano argued the cause for appellant.
>
> Robert D. Gaudioso argued the cause for respondent (Snyder & Snyder, LLP, attorneys; Robert D. Gaudioso and David J. Kenny, on the brief).

PER CURIAM

Defendant Township of Freehold Planning Board (Board)[1] appeals from a January 11, 2019 order granting a motion to enforce litigant's rights filed by plaintiff T-Mobile Northeast LLC. We affirm.

The history of this action in lieu prerogative writs litigation is set forth in T-Mobile, LLC v. Township of Freehold Zoning Board of Adjustment, No. A-2863-10 (App. Div. Oct. 17, 2011). In that opinion, we affirmed a January 3, 2011 order reversing the Board's denial of plaintiff's application to construct a telecommunications tower and approving the submission without remand to the Board. Subsequent to our affirmance, plaintiff applied to the municipality's construction official for permits to construct the tower. Plaintiff's request for construction permits was referred to the municipality's zoning official, who denied the required permits.

After the denial of its permits, plaintiff contacted the municipality's attorney. The Township attorney advised the Board was vested "with the authority to alter the Zoning Official's determination." Based on that advice,

---

[1] The Township of Freehold Zoning Board of Adjustment merged with the Township of Freehold Planning Board. The Township of Freehold Planning Board now exercises all the authority of the Board of Adjustment. See N.J.S.A. 40:55D-25(c).

A-2235-18T1

plaintiff's attorney submitted an August 15, 2018 letter to the Board "to file an appeal of [the zoning official's] zoning denial letter dated July 26, 2018." The letter further advised the appeal was filed "under protest" and plaintiff "still reserve[ed] all rights it may have."

In October 2018, the Board denied plaintiff's appeal of the zoning official's determination. Thereafter, plaintiff filed a motion in the Superior Court to enforce litigant's rights in accordance with Rule 1:10-3.

In a January 11, 2019 order, the judge granted plaintiff's motion for relief in aid of litigant's rights. In her statement of reasons placed on the record, the judge found the prior order of January 3, 2011 granted plaintiff approval to construct a telecommunications tower and the Board, through its zoning official, willfully failed to comply with that order.

The judge rejected the Board's argument that plaintiff should have filed a new complaint in lieu of prerogative writs. She concluded the filing of a new action by plaintiff "to obtain the very approval it has already obtained belies logic and is a waste of judicial resources."

Relying on N.J.S.A. 40:55D-70(a), the judge held the statute "gives the [Board] the power to hear and decide appeals where it is alleged by the appellant that there is an error in any order, requirement, decision or refusal made by an

administrative officer based on or made in the enforcement of the zoning ordinance." She noted the Board failed to provide any support for its contention "that the zoning officer's failure to comply with a standing and valid court order is not an error intended to be covered by [] N.J.S.A. 40:55D-70(a)." The judge concluded the zoning official's denial of plaintiff's application was "invalid ab initio and clear error in light of Judge Cleary's direct mandate [in the January 3, 2011 order]."

On appeal, the Board raises the following arguments: 1) the motion judge erred in interpreting the January 3, 2011 order; 2) the relief sought by plaintiff required filing a new action in lieu of prerogative writs; and 3) plaintiff's delay in seeking construction permits required submission of a new development application.

We review a trial court's enforcement of litigant's rights under Rule 1:10-3 for abuse of discretion. Wear v. Selective Ins. Co., 455 N.J. Super. 440, 458–59 (App. Div. 2018) (citing Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011)). "An abuse of discretion occurs when a decision was 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 459 (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

"[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant . . . .'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)). The purpose of relief afforded under Rule 1:10-3 is "to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

Public entities are not free to ignore court orders. In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 19-20 (2015). "When the application is made seeking no punitive or coercive action against the respondent agency, Rule 1:10-3 is an appropriate vehicle for judicial assistance in enforcing rights." Id. at 19.

Here, plaintiff sought relief under Rule 1:10-3 based on the Board's failure to correct the zoning official's erroneous denial of construction permits. Plaintiff previously obtained judicial relief in its prerogative writs litigation and was not required to file a wholly new complaint to enforce the January 3, 2011 order. N.J.S.A. 40:55D-70(a) empowered the Board to correct the zoning official's error; however, the Board failed to do so, in direct violation of the January 3, 2011 order.

The Board argues plaintiff forfeited its right to file a Rule 1:10-3 motion by appealing the zoning official's action to the Board in August 2018. However, plaintiff did so upon the advice of the Township's attorney, hoping to resolve the dispute and avoid further litigation. Based on that advice and plaintiff's reservation of rights letter, the Board cannot claim the procedure followed by plaintiff to obtain judicial relief was improper.

We next consider the Board's argument that plaintiff's variance approval requires an updated application based on the time lapse between the January 3, 2011 approval and plaintiff's request for construction permits. The Board's reliance on Spinnaker Condominium Corp. v. Zoning Board of City of Sea Isle City, 357 N.J. Super. 105, 109, 112-14 (App. Div. 2003) is misplaced as that matter involves the issue of standing. We further reject the Board's argument because the approval of plaintiff's telecommunications tower was reviewed by two different courts. The Board cannot relitigate a matter that it twice unsuccessfully challenged. If the Board believed a modification of plaintiff's court-approved tower was required, the Board had more than ample time to file a motion to modify or vacate the January 3, 2011 order in accordance with Rule 4:50-1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2235-18T1